IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Livorio Sandoval, | Case No. 3:14 CV 1327 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jon D. Richardson, et al., | |
| Defendants. | |

*Pro se* Plaintiff Livorio Sandoval, an inmate at the North Central Correctional Complex ("NCCC"), filed this action against John Richardson, Prosecutor Timothy Braun, Ohio Department of Rehabilitation & Correction Director Gary Mohr, NCCC Warden Neil Turner, and Dr. Bell. The Complaint expressly references 42 U.S.C. § 1983, but also contains legal conclusions that would be the subject of an action filed under 28 U.S.C. §§ 2241 or 2254. Plaintiff seeks $45 million in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Viewed in the light most favorable to the plaintiff, a complaint's factual allegations must raise a right to relief above the speculative level. *See Bell Atl. Corp.*, 550 U.S. at 555. Detailed factual allegations are not required, but a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In a six-page, handwritten Complaint, Plaintiff alleges: a series of Eighth Amendment deprivations; prosecutorial and judicial misconduct (apparently during the trial that resulted in his conviction); violations of certain ethical rules; interference with judicial business; a fee dispute with a prior attorney; ineffective assistance of counsel and denial of counsel; a due process violation; racial profiling and racial discrimination; a deprivation of equal protection; a denial of access to courts; racketeering offenses on Defendants' part; and a violation of the Clean Water Air (Doc. 1 at 2–6).

Even liberally construed, the Complaint's comprehensible portions contain only legal conclusions. As a result, Plaintiff fails to state a claim upon which relief may be granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 11, 2014